UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. WEIBEL,<br><br>    Plaintiff,<br><br>v.<br><br>CHESA BOUDIN, et al.,<br><br>    Defendants. | Case No. 21-cv-05529-JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 21, 26 |

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983. Defendants filed separate motions to dismiss arguing, inter alia, that Plaintiff's claims are barred for lack of subject matter jurisdiction.

    Plaintiff claims that a California Superior Court imposed a restitution fine of $5000 upon him, in violation of California law. Defendants have presented state court records demonstrating that this fine was imposed as part of a criminal judgment against him, which Plaintiff unsuccessfully appealed in the California courts.

    Federal district courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). This doctrine applies even when federal constitutional issues are at stake, which Plaintiff claims here. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). The doctrine bars "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

    Plaintiff seeks to have this Court review an adverse judgment by the superior court,

specifically the judgment imposing a restitution fine.  Therefore, under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction over Plaintiff's claim.  *See*, *e.g.*, *Ignacio v. Armstrong*, 453 F.3d 1160, 1165 (9th Cir. 2006) (holding that federal court challenge to superior court judgment about child custody and marital assets barred by *Rooker-Feldman*).  This defect in Plaintiff's claim cannot be fixed by amendment.[1]

Defendants' motions to dismiss are GRANTED.  The complaint is DISMISSED without leave to amend.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 22, 2022

                                                    _____
                                                    JEFFREY S. WHITE
                                                    United States District Jutdget

---

[1] In light of this conclusion, the Court need not address Defendants' alternative arguments.

2